# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-26-FDW

| | |
|---|---|
| SURRELL DUFF, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRIS POTTER, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on a "Motion Rule 15(c) Relation Back" by pro se Plaintiff Surrell Duff. (Doc. No. 33).

On February 11, 2015, Plaintiff, a federal inmate, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, alleging claims of excessive force and deliberate indifference to serious medical needs against Defendants based on an incident that occurred while Plaintiff was a pre-trial detainee at the Buncombe County Detention Center in Asheville, North Carolina. (Doc. No. 1). In an Order dated April 22, 2016, this Court granted summary judgment to Defendants and dismissed this action with prejudice. (Doc. No. 31). On May 12, 2016, Plaintiff filed the pending "Motion Rule 15(c)(c) Relation Back," in which Plaintiff again argues the merits of his action. The Court construes the motion as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion Rule 15(c) Relation Back," (Doc. No. 33), is **DENIED**.

Signed: May 20, 2016

Frank D. Whitney
Chief United States District Judge